UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANZ SCHLEICHER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) CASE NO. 1:02-cv-1332- DFH-TAB <br> GARY C. WENDT, WILLIAM J. SHEA, ) <br> CHARLES B. CHOKEL and JAMES S. ) <br> ADAMS, ) <br> ) <br> Defendants. ) | |

ENTRY ON MOTION TO LIFT DISCOVERY STAY

Plaintiffs in this private securities fraud case have moved to lift in part the discovery stay imposed by a provision in the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs seek court authorization to conduct discovery against PricewaterhouseCoopers LLC ("PwC"), which audited former defendant Conseco, Inc.'s financial statements during the relevant time. Plaintiffs suspect that they might have valid claims against PwC, but they are unable or at least unwilling to plead them at this time. Plaintiffs seek discovery to learn more about whether they should allege claims against PwC. They would like to do so before the five year statute of repose might even arguably run on such claims. See 28 U.S.C. § 1658(b). Cf. *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 104 (2d Cir. 2003) (reversing dismissal of case subject to PSLRA under statute of limitations: "It makes little sense from a policy perspective to

require specific factual allegations – on pain of dismissal in cases of this sort – and then to punish the pleader for waiting until the appropriate factual information can be gathered by dismissing the complaint as time barred.").

Plaintiffs point out that the progress of their case has been delayed by several factors beyond their control. The bankruptcy of Conseco stayed the case for a time, resulting ultimately in dismissal of plaintiffs' claims against Conseco. Then the briefing on the remaining individual defendants' motion to dismiss the consolidated class action complaint was extended. Then the court delayed ruling until after the Supreme Court decided *Dura Pharmaceuticals, Inc. v. Broudo*, 125 S. Ct. 1627 (2005), a case that rejected plaintiffs' position on pleading loss causation. The court then granted defendants' motion to dismiss in its entirety, but without prejudice to plaintiffs' ability to amend. *Schleicher v. Wendt*, 2005 WL 1656871, *6 (S.D. Ind. July 14, 2005). Plaintiffs have now filed a second amended complaint. The defendants filed on November 7, 2005 their motion to dismiss the Second Amended Class Action Complaint. Briefing is scheduled to be completed by January 31, 2006.

Plaintiffs report that on August 30, 2005, the United States Securities and Exchange Commission filed an amended complaint in a civil case against defendant Adams and another defendant. The amended complaint alleged that the PwC auditors notified Conseco in connection with the 1999 audit that there were several material weaknesses in the internal controls at Conseco Finance, a

subsidiary that ultimately dragged all of Conseco down into bankruptcy. Plaintiffs contend that this new allegation by the SEC was "the first storm warning that PwC acted recklessly (as opposed to innocently) in rendering unqualified opinions with Conseco's 2000 and 2001 Forms 10-K." Pl. Br. at 6. The day after the SEC filed the amended complaint, plaintiffs' counsel wrote to PwC to propose a tolling agreement. PwC did not respond to the proposal. Plaintiffs then filed their motion to lift the stay in part. Defendants oppose the motion to lift the stay, and PwC has also filed a brief opposing the motion.

*Discussion*

The PSLRA provides in relevant part: "In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). Thus under the PSLRA, discovery is ordinarily stayed unless and until a district court finds that the plaintiff has managed to state a claim for relief under the statute's demanding standards. That has not yet occurred in this case.[1]

---

[1] Plaintiffs' brief on this motion mistakenly asserts at page 4 that defendants' previous motion to dismiss was granted in part and denied in part. It was granted in its entirety, but without prejudice to plaintiffs' right to amend.

Plaintiffs argue that they may suffer undue prejudice if they are not allowed now to pursue discovery from non-party PwC in this action because the applicable statutes of limitations may run in whole or in part on claims they might have against PwC itself. Plaintiffs' motion is denied for three reasons.[2]

First, the prejudice asserted by plaintiffs – risk to potential claims against a non-party – is not a form of prejudice that the law recognizes as a legitimate reason for using the powerful, expensive, and compulsory mechanisms of modern federal civil discovery. This case does not provide a civil parallel to a grand jury, an investigative body with compulsory process empowered to investigate suspected violations of the law. The purpose of civil discovery is to prepare for trial of the claims against the parties in the case, not to search for evidence to support possible claims, and especially not to search for evidence against persons who are not parties. See *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) (except in limited circumstances not applicable here, "discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim"). As Rule 26(b) of the Federal Rules of Civil Procedure provides now: "Parties may obtain discovery

---

[2]Plaintiffs have not argued that discovery is needed now to preserve evidence. Cf. *In re Carnegie Int'l Corp. Securities Litigation*, 107 F. Supp. 2d 676, 678 (D. Md. 2000) (granting non-party auditor's motion to quash discovery subpoena but ordering auditor to preserve evidence).

-4-

regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." This case against former Conseco officers may not properly be used as a vehicle for conducting discovery to investigate possible claims against the non-party accounting firm.[3]

The court is well aware of the practical facts (a) that discovery from auditors is routine in securities fraud cases against issuers and their officers; (b) that auditors are often brought into securities fraud cases as defendants; and (c) that discovery of matters relevant to claims or defenses of existing parties may sometimes turn up new claims against non-parties. The discovery of a viable claim against a non-party is a collateral effect of discovery that is otherwise permissible under Rule 26. It is not a permissible purpose that gives legitimacy to a disputed discovery request. Plaintiffs' motion to lift the PSLRA stay for the stated purpose of exploring possible claims against a non-party seeks to transform the collateral effect into the central purpose of discovery. That is not permissible under Rule 26(b).

---

[3]One exception to this general principle applies when a prisoner alleges he has been injured by unknown prison or jail officers who must be sued as individuals under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Such prisoners may be entitled to sue the agency that employs the individual officers and then conduct discovery to identify the individual officers, but that exception is based on the unique obstacles that prisoners face in trying to investigate their claims. *E.g., Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 & n.3 (7th Cir. 1996); *Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 788-90 (7th Cir. 1995).

Second, the type of prejudice alleged by plaintiffs in these circumstances is plainly contemplated by the PSLRA. The PSLRA was designed to ensure that a plaintiff cannot simply file a lawsuit in the hope that discovery might turn up a viable claim, even against the named defendants. Using a securities fraud case as a vehicle for searching for viable claims against the named defendants is not a permissible basis for lifting the PSLRA stay. *SG Cowen Securities Corp. v. United States District Court*, 189 F.3d 909, 912 (9th Cir. 1999) (issuing writ of mandamus to vacate district court order lifting discovery stay so that plaintiffs could look for information needed to meet PSLRA's pleading requirements), citing *Medhekar v. United States District Court*, 99 F.3d 325, 328 (9th Cir. 1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."). If plaintiffs had actually filed a complaint against PwC, the PSLRA discovery stay would prevent this discovery aimed at PwC unless and until it was clear that plaintiffs had pled a viable claim. It would be odd if plaintiffs had greater discovery rights against PwC before filing a complaint than they would have after filing one.[4]

In fact, plaintiffs' request here appears to be a step in the direction of both of the first two practices Congress said the PSLRA was designed to stop: "(1) the

---

[4]Plaintiffs seek to distinguish *SG Cowen Securities* on the basis that the discovery there was sought against already-named defendants, while the discovery sought in this case is sought to pursue a possible claim against an entity that is not (yet) a defendant. Pl. Reply at 8. The distinction is insignificant.

routine filing of lawsuits against issuers of securities and others . . . without regard to any underlying culpability of the issuer, and with only faint hope that the discovery process might lead eventually to some plausible cause of action; (2) the targeting of deep pocket defendants, including accountants, . . . without regard to their actual culpability . . . ." H.R. Conf. Rep. No. 104-369, at 31 (1995), reprinted in 1995 U.S.C.C.A.N. 730.

Third, plaintiffs' stated reason for making this urgent request at this time is not persuasive. The proffered reason is that the SEC's amended complaint in the case against Mr. Adams provided new indications that PwC might have acted recklessly in giving clean opinions for Conseco's financial statements during the class period. Paragraph 100 of the amended complaint alleged that PwC notified the Conseco board in the 1999 audit that Conseco Finance had several specific weaknesses in its internal controls. The present defendants point out that if this was an important "storm warning," as plaintiffs suggest, the SEC's original complaint provided a similar storm warning in March 2004. Paragraph 29 of the SEC's original complaint alleged that PwC "determined there were deficiencies in Conseco Finance's internal controls and notified Conseco's Board."

Plaintiffs' theory is that those same internal control weaknesses persisted into the class period in this case, enabling the Conseco officers to manipulate the valuation of assets and liabilities, including interest-only securities and servicing rights, and that PwC should not have issued clean opinions for 2000 and 2001

when, plaintiffs allege, Conseco officers were continuing to manipulate these valuations. The court is not persuaded that the greater specificity in the amended complaint deserves the great weight plaintiffs attribute to it.

The court recognizes that denial of plaintiffs' motion *might* result in allowing a statute of limitations to run on valid claims of securities fraud. That result is squarely within the terms and goals of the PSLRA. For example, even against existing defendants, there may be cases where plaintiffs are unable to satisfy the pleading requirements of the PSLRA, but where some discovery might allow the plaintiffs to plead claims adequately and even to prevail on the merits. When Congress enacted the PSLRA, it chose to limit discovery unless and until plaintiffs can plead viable claims without the help of discovery. See *In re Odyssey Healthcare, Inc.,* 2005 WL 1539229, *2 (N.D. Tex. 2005) (plaintiff cannot show undue prejudice under PSLRA by pointing to "disadvantage that is inherent in the [statutory] stay itself, such as the possibility of dismissal when an amended complaint based on newly discovered facts might have survived"), citing *In re CFS-Related Securities Fraud Litigation,* 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001). There is ample room for debate about the best choice of public policy on these matters. The role of courts is to enforce and apply the laws Congress has enacted.

-9-

So ordered.

Date: November 18, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kwasi Abraham Asiedu
laskido@hotmail.com

Brian Joseph Barry
LAW OFFICES OF BRIAN BARRY
bribarry1@yahoo.com

Peter A. Binkow
GLANCY BINKOW & GOLDBERG LLP
pbinkow@glancylaw.com

Bruce D. Brattain
BRATTAIN & MINNIX
mario000@ameritech.net

Claudia Jean Bugh
GLANCY BINKROW & GOLDBERG LLP
cjbjdcpa@aol.com

Brian Eugene Casey
BARNES THORNBURG
brian.casey@btlaw.com

Lionel Zevi Glancy
GLANCY & BINKOW LLP
info@glancylaw.com

Michael Marc Goldberg
GLANCY BINKOW & GOLDBERG
info@glancylaw.com

Michael H. Gottschlich
BARNES & THORNBURG LLP
mgottsch@btlaw.com

Robin B. Howald
GLANCY BINKOW & GOLDBERG LLP
1501 Broadway, Suite 1900
New York, NY 10036

Steven Kenneth Huffer
HUFFER & WEATHERS
steve_huffer@hufferandweathers.com

Robert J. Kopecky
KIRKLAND & ELLIS
rkopecky@kirkland.com

Elizabeth A. Larsen
KIRKLAND & ELLIS
blarsen@kirkland.com

Daniel Edward Laytin
KIRKLAND & ELLIS, LLP
dlaytin@kirkland.com

Jonathan D. Mattingly
BARNES & THORNBURG LLP
jmatting@btlaw.com

Lee B. McTurnan
McTurnan & Turner
2400 Market Tower
10 West Market Street
Indianapolis, Indiana  46204

John W. Reale
KIRKLAND & ELLIS, LLP
jreale@kirkland.com

Avraham Noam Wagner
GLANCY & BINKOW LLP
awagner@glancylaw.com