UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FRANZ SCHLEICHER, *et al.*,          )
                                     )
                  Plaintiffs,        )
                                     )
        v.                           )   CASE NO. 1:02-cv-1332-DFH-TAB
                                     )
GARY C. WENDT, WILLIAM J. SHEA,      )
CHARLES B. CHOKEL, and               )
JAMES S. ADAMS,                      )
                                     )
                  Defendants.        )

ENTRY ON DEFENDANTS' MOTIONS TO CERTIFY INTERLOCUTORY APPEAL

        Defendants in this securities fraud case have moved the court to certify for

interlocutory appeal its September 12, 2007 decision denying their motion to

dismiss the second amended complaint.  See *Schleicher v. Wendt*, 2007 WL

2705584 (S.D. Ind. Sept. 12, 2007).  The court denies the motion to certify.


        Under 28 U.S.C. § 1292(b), the district court may certify for interlocutory

appeal a decision involving a controlling question of law as to which there is a

substantial ground for difference of opinion if the district court believes that an

immediate appeal may materially advance the ultimate termination of the

litigation.  If the district court certifies its decision for immediate appeal, the court

of appeals may then decide whether to accept the appeal.

Defendants have framed two questions of law that they propose as suitable for interlocutory appeal:

> 1.    Do the PSLRA and controlling precedent require the Court to weigh all potential competing explanations for behavior alleged in the complaint to determine whether plaintiffs have adequately pled scienter?
>
> 2.    Can a complaint satisfy the PSLRA requirements for pleading scienter without particularized allegations as to each individual defendant's state of mind?

The answer to the first question is clearly yes, see *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (2007), but the more salient issue is whether that question fairly frames the question that an interlocutory appeal would present.  It does not.

*Tellabs* now provides the standard for pleading scienter.  The court discussed and applied *Tellabs* in some detail.  The second amended complaint includes numerous factual allegations (including information from several "confidential" witnesses whose positions and bases for knowledge have been identified with sufficient specificity so that their information cannot be disregarded completely) that support inferences of scienter.  The court has also considered competing explanations for the alleged fraud, but the combination of the scale, magnitude, and number of the alleged misstatements, the fact that they concerned the most critical aspects of Conseco's business, and the other supporting factual allegations persuaded the court that the *Tellabs* standard has been satisfied and that the issue of scienter cannot be resolved conclusively in

defendants' favor based solely on the pleadings, under the stringent standards of the Private Securities Litigation Reform Act. The better way to frame the potentially controlling issue of law the defendants have presented is whether the 200 page second amended complaint satisfies the *Tellabs* standard. That question is of course highly specific to this case rather than a broadly applicable question of law, though it might still be suitable for interlocutory appeal.

The answer to the second question framed by defendants is obviously no, but the question assumes the answers to the four real questions, which are whether the second amended complaint includes sufficiently particularized allegations to support inferences that each of the four individual defendants acted with scienter. The manner in which the defendants framed their second question ignores the fact that the second amended complaint provides specific allegations about the defendants' individual roles, the times they served Conseco during the class period, and their individual responsibility for the allegedly fraudulent misstatements. The court was aware of the differences among the defendants and concluded that the combination of scale, magnitude, criticality, other corroborating allegations, and the individual defendants' roles in signing specific disclosure documents was sufficient to support an inference of fraudulent scienter as to each of the individual defendants.

The court believes these conclusions on both issues were correct, but the court cannot say that there is no substantial ground for difference of opinion on

its conclusions, especially in light of the recent history of applicable securities law, even during the pendency of this case.   The court is also confident that it would have been possible to extend the analysis leading to those conclusions in a more detailed entry of 200 pages rather than only 50 pages.   Nevertheless, to certify an interlocutory appeal, the court would also need to conclude that an immediate appeal may materially advance the ultimate termination of the litigation.   The court does not reach that conclusion.

Even if defendants are right and the court is wrong on the merits, any dismissal of the second amended complaint probably would need to be without prejudice, especially where the second amended complaint complied with applicable Seventh Circuit precedent at the time it was filed.  (Recall that *Tellabs* reversed in 2007 a Seventh Circuit decision that had in turn reversed a district court's dismissal of a complaint.  See 437 F.3d 588 (7th Cir. 2006).)  Interlocutory appeals remain the exception and not the norm, even in securities fraud cases. In light of the detail pled by the plaintiffs in the second amended complaint in this case, the court concludes that an interlocutory appeal would probably not advance the termination of the litigation.  If successful, it would most likely  lead only to another round of refinement of the pleadings and further briefing on another motion to dismiss.   That course would not advance materially the termination of this litigation that has already been long delayed by Conseco's bankruptcy and the issue of pleading loss causation.

Accordingly, the defendants' motion for certification for an interlocutory appeal is hereby denied.

So ordered.

Date: December 27, 2007

_David F. Hamilton_
_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kwasi Abraham Asiedu
laskido@hotmail.com

Brian Joseph Barry
LAW OFFICES OF BRIAN BARRY
bribarry1@yahoo.com

Peter A. Binkow
GLANCY BINKOW & GOLDBERG LLP
pbinkow@glancylaw.com

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Claudia Jean Bugh
GLANCY BINKOW & GOLDBERG LLP
cjbjdcpa@aol.com

Brian Eugene Casey
BARNES & THORNBURG
brian.casey@btlaw.com

Hamish S. Cohen
BARNES & THORNBURG LLP
hamish.cohen@btlaw.com

Lionel Zevi Glancy
GLANCY & BINKOW LLP
info@glancylaw.com

Michael Marc Goldberg
GLANCY BINKOW & GOLDBERG
info@glancylaw.com

Michael H. Gottschlich
BARNES & THORNBURG LLP
mgottsch@btlaw.com

Robin Bronzaft Howald
GLANCY BINKOW & GOLDBERG LLP
info@glancylaw.com

Steven Kenneth Huffer
CONSECO SERVICES LLC
steve_huffer@conseco.com

Daniel Edward Laytin
KIRKLAND & ELLIS, LLP
dlaytin@kirkland.com

Jonathan D. Mattingly
BARNES & THORNBURG LLP
jmatting@btlaw.com

Joshua Z. Rabinovitz
KIRKLAND & ELLIS LLP
jrabinovitz@kirkland.com

John W. Reale
KIRKLAND & ELLIS, LLP
jreale@kirkland.com