UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANZ SCHLEICHER, et al., ) | | |
|     Plaintiffs, ) | | |
| ) | | |
| vs. ) | | 1:02-cv-1332-WTL-TAB |
| ) | | |
| GARY C. WENDT, WILLIAM J. SHEA, ) | | |
| CHARLES H. CHOCKEL, and JAMES S. ) | | |
| ADAMS, ) | | |
|     Defendants. ) | | |

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**

**I.   Introduction**

This is a class action against four senior executives of Conseco, Inc. based on its decline and eventual bankruptcy in the early 2000s. This class action—which predates the launch of Facebook—is still in discovery. Currently at issue is Plaintiffs' motion to compel the production of thousands of documents which Defendants and post-bankruptcy Conseco claim are privileged. Plaintiffs argue that the privilege does not cover the documents because the privilege did not survive Conseco's bankruptcy, the privilege logs are inadequate, and, for certain documents, the privilege does not apply. For the following reasons, the Court grants in part and denies in part Plaintiffs' motion to compel. [Docket No. 360.]

**II.   Discussion**

   *A.   Attorney-Client Privilege and Conseco's Bankruptcy*

The central issue here is whether post-bankruptcy New Conseco inherited the attorney-client privilege from pre-bankruptcy Old Conseco.[1] The parties agree on the applicable legal standard: the power to assert or waive a corporation's attorney-client privilege is an incident of

---

[1] For ease of reference, this distinction is invoked, perhaps inartfully, by using the terms "New Conseco" and "Old Conseco."

control of the corporation.  *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 (1985) ("New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors."); *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 406 (N.D. Ill. 2007) ("[W]e see no reason to deviate from the well-established principle that the right to assert or waive a corporation's attorney-client privilege is an incident of control of the corporation.").  Whether control of a corporation transfers from "old" to "new" depends on the practical consequences of the transaction at issue.  *Id.* at 406–07.

The parties dispute whether control of Old Conseco—accompanied by the attorney-client privilege—passed to New Conseco.  Plaintiffs argue that New Conseco has not maintained control over Old Conseco's assets or continued Old Conseco's operations, especially because New Conseco is an insurance-only company without Old Conseco's finance subsidiaries and D&O loan program.  [Docket No. 360 at 15.]  The Defendants and Conseco assert that "New Conseco is essentially the same business enterprise" as Old Conseco because all the assets, sources of revenue and expense, and management of New Conseco are the same as that of Old Conseco just prior to the bankruptcy confirmation.  [Docket No. 363 at 13.]

Both parties rely on *American International*, which dealt with transfer of the attorney-client privilege in the bankruptcy of Fruit of the Loom, Inc.  Fruit of the Loom ("Old FTL") went through Chapter 11 reorganization.  According to the reorganization plan, Old FTL's successors included a trust that held environmentally contaminated properties, another trust that held a pollution liability insurance policy, and "New FTL," which consisted of "substantially all" of Old FTL's business operations, including the name and equity interests of Old FTL.  *Am. Int'l*,

2

240 F.R.D. at 403 & n.1.  The plaintiff wanted to obtain documents from the law firms that represented Old FTL in bankruptcy.  The court held that the authority to assert or waive Old FTL's attorney-client privilege transferred to New FTL, but not to either of the trusts.

> If we examine the practical consequences of the transaction or multiple transactions at issue here, this Court concludes that New FTL is the only entity that acquired the right to assert or waive the attorney-client privilege after bankruptcy.  New FTL purchased substantially all of Old FTL's business operations and continues to operate Old FTL's business.  Therefore, because the practical consequences of the Asset Purchase Agreement resulted in the transfer of control of Old FTL's business and the continuation of that business under new management, the authority to assert or waive the attorney-client privilege transferred to New FTL.
>
> In contrast neither [of the trusts] emerged from bankruptcy with control of Old FTL's business. . . . Only New FTL controls Old FTL's business operations.  Consequently, only New FTL has the right to assert or waive the corporation's attorney-client privilege.

*Id.* at 406–07 (citations omitted).

Conseco's situation mirrors Fruit of the Loom's.  Like Old FTL, Old Conseco went through Chapter 11 reorganization.  In the order confirming the reorganization plan, the bankruptcy court found that:

- "On the Effective Date, all assets of Old CNC, other than Residual Assets, shall be transferred by Old CNC to New CNC in exchange for the New CNC Common Stock, New CNC Preferred Stock, New CNC Warrants and the assumption of the New Tranche A Bank Debt and the New Tranche B Bank Debt."

- "On the Effective Date, the Lenders under the D&O Credit Facilities shall be deemed to have transferred to New CNC, and New CNC shall be deemed to have succeeded to, all of the rights, title and interest of such Lenders in the Transferred Property . . . ."

- "The officers of the Debtors immediately prior to the Effective Date will be the officers of the Reorganized Debtors . . . ."

[Docket No. 363, Ex. B to Kindig Decl. at 28, 30–31.]  Because New Conseco acquired substantially all of Old Conseco's business operations, it also acquired Old Conseco's right to

3

assert the attorney-client privilege. The Court therefore turns to Plaintiffs' arguments concerning the sufficiency of the privilege logs and the applicability of the privilege to certain documents.

   B.  *Defendants' and Conseco's Privilege Logs*

Because New Conseco acquired Old Conseco's right to assert the attorney-client privilege, the Court addresses Plaintiffs' contention that Conseco, William J. Shea, and James S. Adams waived any privilege because their privilege logs do not comply with Seventh Circuit standards. [Docket No. 360 at 21.]

Federal Rule of Civil Procedure 26(b)(5) provides that to claim a privilege, a party must expressly make the claim and describe the nature of the privileged items so that other parties may assess the claim of privilege. To comply with this rule, the party asserting the privilege should list separately each document for which the party asserts privilege, and for each document: (1) identify the date; (2) identify the author and all recipients, along with their capacities; (3) describe the subject matter; (4) describe the purpose of the document's production (e.g., "responsive to Request No. 25"); and (5) provide a specific reason the document is privileged or immune from discovery. *Lawson v. Sun Microsystems, Inc.*, No. 1:07-cv-196-RLY-TAB, 2007 WL 2572170, at *4 (S.D. Ind. Sept. 4, 2007). Although the Court may order disclosure of privileged documents as a sanction for failing to provide a proper privilege log, courts are reluctant to find a blanket waiver of privilege because of mere technical inadequacies in a privilege log. *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007) ("[B]lanket waiver is not a favored remedy for technical inadequacies in a privilege log."). Instead, courts reserve the sanction of waiver for situations in which the author of the privilege log displays willfulness, bad faith, or fault. *Novelty, Inc. v. Mountain View Mktg., Inc.*, No. 1:07-cv-1229-SEB-JMS, 2009

4

WL 3444591, at *10 (S.D. Ind. Oct. 21, 2009) (finding waiver of privileges when a party refused to comply with a court order requiring a proper privilege log).

Plaintiffs argue that the New Conseco, Green Tree, Shea, and Adams privilege logs are incomplete. A review of the 2,500 pages of privilege logs shows that they are substantially complete [Docket Nos. 360, Exs. B, D, F; 367, Exs. C, D], and the Court will not find the privilege waived because of any technical deficiencies in such a large log. However, in the event that some deficiencies prevent Plaintiffs from determining whether a document is privileged— such as when the identities of senders or receivers are unclear—New Conseco and Defendants shall promptly supplement the privilege logs at Plaintiffs' request.

  C. *Application of Privilege to Individual Documents*

Finally, Plaintiffs argue that some of the documents identified on the privilege logs are not privileged, in some cases because they relate to business, rather than legal, advice. Plaintiffs specifically identify fourteen documents they contend are not privileged. As described below, several of the privilege log entries do not sufficiently explain why particular documents are privileged. In those instances, the Court will take these documents under advisement. The parties shall advise the Court within fourteen days whether they are able to resolve their disputes regarding the documents. If not, New Conseco and Defendants shall provide supplemental privilege log information to the Court within fourteen days.

- **Adams Log Document No. 13 [Docket No. 360, Ex. B].** According to the privilege log, Document No. 13, labeled "AM Best/M+R Possible Study-Confidential . . . Attorney/Client Privileged," is an "[a]nalysis regarding internal steps Conseco should take to fulfill a request from Best's to update a consultant's study." Plaintiffs argue that this document provides business, rather than legal, advice. Although this document was sent to at least one person named on the attorney list, the Court is unable to determine the capacities of the sender and other recipients. Without more information, the Court is unable to determine whether the privilege applies, so the Court takes this document under advisement.

- **Shea Document CON-0000204 [Docket No. 360, Ex. F.]** Plaintiffs argue that this document, entitled " Realized from Strategic Actions," may be business related, but they cannot determine whether it is protected because they do not know the capacities of the individuals who sent and received the document. [Docket No. 360 at 19.] The author of the document is "Conseco," and the recipients are Lowell Short, Bill Shea, Joe Clarke, Jim Adams, Daniel Murphy, Cheryl Collins, Neal S. Cohen, and David Gubbay. Although Plaintiffs know who Adams and Shea are, the Court was unable to find any of the other individuals on the lists of legal personnel provided as exhibits. [Dockets No. 367, Exs. F and G.] Without more information, the Court is unable to determine whether the privilege applies, so the Court takes this document under advisement.

- **Green Tree Document GFS-0000315 [Docket No. 360, Ex. D].** This document is entitled "Memo regarding advertising guidelines" and was sent by Heather Thayer, whose name is on the list of attorneys, to Michelle Bingham. The Court is unable to determine Bingham's capacity. Therefore, the Court is unable to determine whether the privilege applies, and it takes this document under advisement.

- **Green Tree Document GFS-0000525 [Docket No. 360, Ex. D].** This document is a "2nd Quarter Earnings Release" and was sent by John Dolphin to "unknown" individuals. Because the privilege log does not describe this document as being sent or received by an attorney, the Court grants Plaintiffs' motion to compel as to this document.

- **Green Tree Document GFS-0000866 [Docket No. 360, Ex. D].** This document, "Statement of Chuck Cremens Regarding Today's Announcement by Conseco, Inc.," appears to be a press release and was sent by Mary Beth Schwartz, who is not listed as an attorney, to "unknown" recipients. Because the privilege log does not suggest this document was sent or received by an attorney, the Court grants Plaintiffs' motion to compel as to this document.

- **Green Tree Document GFS-0001909 [Docket No. 360, Ex. D].** This document, "FW: Descriptive Memo-Round 1 Comments," was sent by Jim Blickendorf, who is not listed as an attorney, to "unknown" recipients. Because the privilege log does not suggest this document was sent or received by an attorney, the Court grants Plaintiffs' motion to compel as to this document.

- **Green Tree Document GFS-0001912 [Docket No. 360, Ex. D].** This document is about "Selected Business Lines of Conseco Finance Corp.," and its senders and recipients are "unknown." Because the privilege log does not suggest this document was sent or received by an attorney, the Court grants Plaintiffs' motion to compel as to this document.

- **Green Tree Document GFS-0003856 [Docket No. 360, Ex. D].** This document is an email from Brent Peterson to Brian Corey, Pamela Strauss, David Melcer, George Coburn, Bruce Crittenden, Mark Landis, and Todd Plumley regarding his business plan for developing products and relationships with customers. Brian Corey and David Melcer are listed as attorneys, and it is feasible that they would have provided legal

6

advice about developing products and relationships with customers.  Therefore, the Court denies Plaintiffs' motion to compel as to this document.

- **Green Tree Document GFS-0026738 [Docket No. 360, Ex. D].**  This document was an email from Tom Killian to "Killian Jr, Tom; 'cvondeylen@iquest.net'" discussing a list of necessary improvements to an apartment.  Although this information could contain legal advice, Killian is not included on the list of attorneys, and neither of the recipients appear to be attorneys.  Therefore, the Court grants Plaintiffs' motion to compel as to this document.

- **Conseco Document CON-0009939 [Docket No. 367, Ex. C].**  Although this document was sent to at least one attorney, the privilege log entry for this document, entitled "CIHC SOAL Cover," does not contain a summary or identify the privilege invoked.  Without more information, the Court cannot determine whether this document is privileged and therefore will keep it under advisement.

- **Conseco Document CON-0009984 [Docket No. 367, Ex. C].**  This document is entitled "Sunday night meeting—8 p.m. EASTERN."  The document was sent to several individuals named on the attorney list, but the capacities of other recipients are unclear.  Therefore, the Court will keep this document under advisement.

- **Conseco Document CON-0010041 [Docket No. 367, Ex. C].**  This document is entitled "FW: Conseco Press Release."  One of its recipients is a listed attorney, but the capacities of other recipients are unclear.  Therefore, the Court will keep this document under advisement.

- **Conseco Document CON-0010432 [Docket No. 367, Ex. C].**  This document is entitled "Legal Department" and is an email about an unidentified memorandum.  It was sent by a listed attorney to individuals whose capacities are unknown.  The Court is therefore unable to determine whether the privilege applies and will keep this document under advisement.

- **Conseco Document CON-0010767 [Docket No. 367, Ex. C].**  Although this document was sent to several individuals whose email addresses suggest they are attorneys, the privilege log does not identify the subject of the communication.  Without further information, the Court cannot determine whether this document is privileged and will keep this document under advisement.

**IV.   Conclusion**

As described above, Plaintiffs' motion to compel [No. 360] is granted in part and denied in part.  Although the attorney-client privilege passed from Old Conseco to New Conseco and New Conseco's and Defendants' privilege logs are not fatally defective, some of the documents

designated as privileged are not and must be produced.  As to the documents taken under advisement, the parties shall notify the Court within fourteen days whether they are able to resolve their disputes regarding the documents.  If not, New Conseco and Defendants shall provide supplemental privilege log information to the Court within fourteen days.

Date:   05/14/2010

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Kwasi Abraham Asiedu
laskido@hotmail.com

Brian Joseph Barry
LAW OFFICES OF BRIAN BARRY
bribarry1@yahoo.com

Peter A. Binkow
GLANCY BINKOW & GOLDBERG LLP
pbinkow@glancylaw.com

Louis Nathaniel Boyarsky
GLANCY BINKOW & GOLDBERG LLP
boyarsky.esq@gmail.com

Bruce D. Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Barrie Laine Brejcha
BAKER & McKENZIE LLP
barrie.l.brejcha@bakernet.com

Claudia Jean Bugh
GLANCY BINKOW & GOLDBERG LLP
cjbjdcpa@aol.com

Brian Eugene Casey
BARNES THORNBURG
brian.casey@btlaw.com

Hamish S. Cohen
BARNES & THORNBURG LLP
hamish.cohen@btlaw.com

Thomas Anthony Doyle
BAKER & MCKENZIE LLP
thomas.a.doyle@bakernet.com

Lionel Zevi Glancy
GLANCY & BINKOW LLP
info@glancylaw.com

Michael Marc Goldberg

GLANCY BINKOW & GOLDBERG
info@glancylaw.com

Elizabeth Mary Gonsiorowski
GLANCY BINKOW & GOLDBERG LLP
info@glancylaw.com

Michael H. Gottschlich
BARNES & THORNBURG LLP
mgottsch@btlaw.com

Robin Bronzaft Howald
GLANCY BINKOW & GOLDBERG LLP
info@glancylaw.com

Steven Kenneth Huffer
S.K. HUFFER & ASSOCIATES, P.C.
steveh@hufferlaw.com

Margaret J. Jantzen
KIRKLAND & ELLIS LLP
margaret.jantzen@kirkland.com

Robert J. Kopecky
KIRKLAND & ELLIS LLP - Chicago
robert.kopecky@kirkland.com

Melinda Laine
BAKER & McKENZIE LLP
melinda.laine@bakernet.com
Devon M. Largio
KIRKLAND & ELLIS LLP
devon.largio@kirkland.com

Daniel Edward Laytin
KIRKLAND & ELLIS LLP - Chicago
dlaytin@kirkland.com

Jill Levine
GLANCY BINKOW & GOLDBERG LLP
jilllevine1@yahoo.com

Jonathan D. Mattingly
BARNES & THORNBURG LLP
jmatting@btlaw.com

Asha Mehrotra
KIRKLAND & ELLIS LLP
asha.mehrotra@kirkland.com

Olga Miroshnichenko
GLANCY BINKOW & GOLDBERG LLP
omiro@glancylaw.com

Andray K. Napolez
BAKER & McKENZIE LLP
andray.k.napolez@bakernet.com

Catherine J. O Suilleabhain
BAKER & MCKENZIE LLP
catherine.osuilleabhain@bakernet.com

Joshua Z. Rabinovitz
KIRKLAND & ELLIS LLP - Chicago
jrabinovitz@kirkland.com

John Benjamin Rottenborn
KIRKLAND & ELLIS LLP
ben.rottenborn@kirkland.com

Kevin F. Ruf
GLANCY & BINKOW & GOLDBERG LLP
kevinruf@yahoo.com

Todd G. Vare
BARNES & THORNBURG LLP
todd.vare@btlaw.com

Coby Marie Vink
GLANCY BINKOW & GOLDBERG LLP
cvink@glancylaw.com

Avraham Noam Wagner
THE WAGNER FIRM
avi@thewagnerfirm.com

Donna J. Williams
BAKER & McKENZIE LLP
donna.m.williams@bakernet.com

Kara M. Wolke
GLANCY BINKOW & GOLDBERG LLP

kwolke@glancylaw.com